UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


JON ST. PIERRE,
          Plaintiff,


V.                                                      PRISONER
                                                        CASE NO. 3:14CV1866(VAB)


SCOTT SEMPLE, ET AL.,
          Defendants.


## RULING AND ORDER

Plaintiff, Jon St. Pierre, an inmate at the MacDougall-Walker Correctional Institution

in Suffield, Connecticut, moves the Court for leave to proceed *in forma pauperis* under 28

U.S.C. § 1915.  Based on Mr. St. Pierre's own submission and the applicable law, this

motion is denied.

While the decision to proceed *in forma pauperis* in civil cases is committed to the

sound discretion of the district court,[1] in exercising this discretion under § 1915(a), the

Court must determine whether the burden of paying the fees for filing and service would

either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon

the action.  *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948);

*Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983).  Moreover, "if a

prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the

full amount of the filing fee," which shall be collected "when funds exist."  28 U.S.C. §

1915(b)(1).

Here, Mr. St. Pierre has sufficient resources to pay the fees for filing and service

---

[1] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217-18 (1993);
*Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984), *aff'd mem.* 788 F.2d 1 (2d Cir. 1985).

2

and will not be deprived of the necessities of life or be forced to abandon the action.

According to his Motion for Leave to Proceed *In Forma Pauperis* [**Doc. No. 2**], at 3, he has

a balance of at least $1,543.78 in his inmate account.  Moreover, as a prisoner, he bears

no costs for room or board.  Given both his financial circumstances and the fact that the

State of Connecticut addresses his food, housing, clothing, and medical needs, the Court

has no basis from which it can conclude that requiring this plaintiff to pay the $400.00 filing

fee to commence this action would force him to forego the necessities of life or abandon

this action.  *See Tucker v. Branker*, 142 F.3d 1294, 1300 (D.C. Cir. 1998) ("a prisoner's

basic necessities are paid for by the state; unlike other indigents, therefore, a prisoner is

not forced to choose between such necessities and his lawsuit") (citing *Nicholas v. Tucker*,

114 F.3d 17, 20 (2d Cir.1997)).  As a result, Mr. St. Pierre has failed to demonstrate the

substantial showing of indigence necessary in order for *in forma pauperis* status to be

granted under § 1915.

In addition, because the statute requires that even if *in forma pauperis* status is

granted, MacDougall-Walker Correctional Institution must "forward payments from the

prisoner's account to the clerk of the court each time the amount in the account exceeds

$10 until the filing fees are paid," 28 U.S.C. § 1915(b)(2), and because there is well over

$400 in Mr. St. Pierre's account, there would be no practical effect in granting this motion.

In other words, since he has more than $400 in his account, those funds must be used to

pay the filing fees.

The Motion for Leave to Proceed *In Forma Pauperis* [**Doc. No. 2**] is **DENIED**.  All

further proceedings in the matter shall be held in abeyance for 20 days pending the

plaintiff's delivery of the filing fee in the amount of $400.00 (cash or bank check made

2

payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport,

Connecticut, 06604.  Failure to tender the filing fee within 20 days of this Order will result

in the dismissal of this action.

      **SO ORDERED** this 30th day of January, 2015, at Bridgeport, Connecticut.


/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE