UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JON A. ST. PIERRE,                          :
      Plaintiff,                       :
                                       :
      v.                               :      Case No. 3:14cv1866(VAB)
                                       :
WARDEN SEMPLE, ET AL.,                      :
      Defendants.                      :

**<u>RULING AND ORDER</u>**

Plaintiff, Jon A. St. Pierre, incarcerated and *pro se*, has filed a civil rights

complaint against Wardens Scott Semple, Scott Erfe and Chapdelaine. Health

Administrator Mary Maurto and Lightner, Nurses Tawana, Heidi, Kim Martin and Jane

Doe, Drs. Fedus and Berkawitz, Vlnayak M. Salhe, John Doe #1 and John Doe #2 and

the University of Connecticut Medical Center.  Before the Court is Plaintiff's complaint

and motion for appointment of counsel.  For the reasons set forth below, the complaint

is dismissed in part and the motion for appointment of counsel is denied.

**I.      Complaint [Doc. No. 1]**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil

complaints against governmental actors and "dismiss . . . any portion of [a] complaint

[that] is frivolous, malicious, or fails to state a claim upon which relief may be granted,"

or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

This requirement applies both where the inmate has paid the filing fee and where he is

proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999)

(per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

At some point during the month of March 2012, at Garner Correctional Institution, a foot locker door fell on Plaintiff's left foot and crushed his great left toe.  After undergoing x-rays, a doctor informed Plaintiff that he had suffered a fracture to his foot and toe.  A week later, Dr. Berkawitz, who is a podiatrist, examined Plaintiff and determined that Plaintiff's left foot and toe were not fractured.  He allegedly explained that surgery would not be necessary because Plaintiff's injuries would heal on their own. He allegedly noticed that Plaintiff's great left toe looked deformed, but insisted the condition would correct itself without surgery.

The injuries allegedly did not heal on their own.  Plaintiff subsequently filed a habeas petition in state court seeking surgery to correct the injuries to his left foot.  A judge granted the petition and issued an order that Plaintiff undergo surgery and that the Department of Correction provide him with a pass to receive sneakers that would properly fit his injured foot.

At some point in April 2013, prison officials transferred Plaintiff to Corrigan Correctional Institution.  On April 28, 2013, Plaintiff suffered another injury to his left foot.  Medical personnel noted that Plaintiff had been scheduled for surgery to repair the foot injury suffered by Plaintiff in March 2012.  Medical staff gave Plaintiff an ice pack to apply to his foot.

On September 5, 2013, at the University of Connecticut Medical Center, John Doe #1 operated on Plaintiff's left foot.  After his return to the Department of Correction, Plaintiff discovered that John Doe #1 had completed only part of the surgical procedure. In addition, John Doe #1 allegedly had removed the wrong bone from Plaintiff's foot which caused Plaintiff's condition to become worse.  Plaintiff allegedly experienced pain, had difficulty sleeping and could not perform daily activities.  He allegedly could not walk and needed crutches to get around.  Plaintiff claims Nurse Tawana allegedly refused to grant his requests for medical treatment in connection with the symptoms he experienced after the surgery.

Beginning in October 2013, Nurse Martin allegedly began to harass and retaliate against Plaintiff for filing a grievance against her in September 2013.  She allegedly dropped his food tray on the floor and threatened to make his life difficult if he did not stop filing grievances.  He filed a second grievance against Nurse Martin in October

2013.  Nurse Martin allegedly continued to harass and retaliate against Plaintiff until he transferred back to MacDougall.

On May 1, 2014, prison officials transferred Plaintiff to the University of Connecticut Medical Center for a second surgical procedure to correct the result of the first surgery.  John Doe #2 performed the second surgery, which involved cutting tendons in Plaintiff's left foot.  Plaintiff claims that the surgeon did not correct the surgical mistakes made by the first surgeon.  Nor did the surgeon repair the injuries to his left foot.  Following the surgery, Plaintiff allegedly experienced pain in his foot and was unable to walk properly.  Since the surgery, Plaintiff allegedly has been unable to move around without using crutches.

After his second surgery in May 2014, Plaintiff returned to MacDougall Correctional Institution and Nurse Heidi allegedly began to retaliate against him for filing grievances against medical staff.  She allegedly refused to provide him with pain medication that had been prescribed by physicians/surgeons at the University of Connecticut Medical Center.  In response to a grievance filed by Plaintiff against Nurse Heidi, a physician re-prescribed the pain medication.  Two days later, Nurse Heidi again allegedly discontinued Plaintiff's prescribed medication and forced Plaintiff to take Motrin instead.  Plaintiff filed another grievance against Nurse Heidi.  A physician allegedly apologized for Nurse Heidi's conduct and re-prescribed medication for Plaintiff's pain.

On May 12, 2014, Nurse Heidi allegedly spoke with Plaintiff and asked him to drop the grievances against her and the medical department.  When Plaintiff said he would not withdraw his grievances, Nurse Heidi allegedly threatened to discontinue his

pain medication.  She then gave Plaintiff a shot of medication that caused him to break

out in hives.  Plaintiff's additional grievances about Nurse Heidi's conduct went

unanswered.

On July 24, 2014, Plaintiff allegedly asked Dr. Berkawitz for a pass to enable him

to purchase sneakers that would fit his injured foot.  He allegedly explained that a

podiatrist at the University of Connecticut Medical Center had ordered the Department

of Correction to issue Plaintiff a sneaker pass.  Dr. Berkowitz allegedly denied Plaintiff a

sneaker pass and instead tried to fit Plaintiff with a diabetic shoe.  The shoe was too

tight and caused Plaintiff pain.

On July 25, 2014, a nurse allegedly dropped a package containing Plaintiff's

medication through the slot in his cell door.  After taking the medication, Plaintiff

allegedly started to feel strange.  Plaintiff's cellmate allegedly noticed that the package

of medication had Plaintiff's name on it but a different inmate number.  Nurse Jane Doe

#1 allegedly came to Plaintiff's cell and Plaintiff explained that he had taken another

inmate's medication by mistake.  Nurse Doe allegedly just waived Plaintiff off.  Later that

morning, Plaintiff was seen in the medical department.  The medical staff allegedly did

not provide him with treatment for his symptoms.

Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986.  The Court

addresses the section 1983 first.

**A.      Section 1983 Claims**

Plaintiff claims that the defendants were deliberately indifferent to his medical

needs and retaliated against him for exercising his First Amendment rights.

1.        **University of Connecticut Medical Center**

As a preliminary matter, the University of Connecticut Medical Center is not a

person subject to suit under 42 U.S.C. § 1983.  To state a claim under section 1983, the

plaintiff must allege facts showing that the defendant, a person acting under color of

state, law deprived him of a federally protected right.  *See Lugar v. Edmondson Oil Co.*,

457 U.S. 922, 930 (1982).  A state agency is not a person within the meaning of section

1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and

state agencies not persons within meaning of 42 U.S.C. § 1983); *Gaby v. Board of*

*Trustees of Community Technical Colleges*, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam)

(noting decisions holding that state universities and their boards of trustees are not

persons within the meaning of section 1983)*; Stewart v. John Dempsey Hospital*, No.

3:03-cv-1703, 2004 WL 78145, at *2, 2004 U.S. Dist. LEXIS 429, at *6 (D. Conn. Jan. 9,

2004) (holding that John Dempsey Hospital University of Connecticut Health Center is

not a person within the meaning of section 1983).  Thus, the claims against defendant

University of Connecticut Medical Center are dismissed as lacking an arguable legal

basis.  *See* 28 U.S.C. § 1915A(b)(1).

2.        **Official Capacity Claims for Money Damages**

Plaintiff seeks injunctive and declaratory relief and monetary damages.  To the

extent Plaintiff seeks damages against the defendants in their official capacities, the

claims are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159

(1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  All such claims are dismissed

pursuant to 28 U.S.C. § 1915A(b)(2).

### 3. Semple, Erfe, Chapdelaine, Maurto, Lightner, Fedus and Salhe

Plaintiff does not mention Wardens Semple, Erfe, or Chapdelaine, Health Administrators Maurto or Lightner, or Drs. Fedus or Salhe, other than in the caption of the complaint and the description of the parties.  As such, he has not alleged that these defendants have violated his constitutionally or federally protected rights.  *See Gibson v. Brown*, No. 12-cv-622, 2012 WL 1744845, at *6, 2012 U.S. Dist. LEXIS 68669, at *17-18 (E.D.N.Y. May 16, 2012) (dismissing complaint against two named defendants where complaint "fails to set forth any factual allegations against these individuals"); *see also Iqbal*, 556 U.S. at 678 (complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 557); *cf. Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1991) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'").  The claims against defendants Semple, Erfe, Chapdelaine, Maurto, Lightner, Dr. Fedus and Dr. Salhe are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### 4. Retaliation Claims

Plaintiff describes various situations which he alleges involve retaliatory conduct on the part of some defendants.  Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient.  *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 2003).  To state a retaliation claim, Plaintiff must show that his conduct or speech was protected by the Constitution or federal law, prison officials took adverse action against him and the protected conduct or speech was a substantial or

motivating factor in the alleged retaliatory or adverse action by prison officials.  *See Gill*

*v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citations and internal quotation marks

omitted).

Plaintiff alleges that defendant Martin engaged in adverse action against him

within a month of his having filed a grievance against her with the Board of Nursing.

She dropped his food tray on the floor and threatened to make his life difficult if he did

not stop submitting grievances.  Plaintiff states that after he filed grievances against

medical staff at MacDougall, defendant Heidi refused to continue his prescription for

pain medication after his second surgery, despite a doctor's order to do so.  Plaintiff

filed several grievances against defendant Heidi for failing to provide him with pain

medication.  Shortly thereafter, defendant Heidi complained that if Plaintiff did not

withdraw his grievances, she would continue to stop giving Plaintiff his pain medication.

In addition, she administered a medication to Plaintiff that contained an ingredient to

which Plaintiff had a known allergy.  The Court concludes that Plaintiff has stated

plausible claims of retaliation against defendants Martin and Heidi.  *See Gill*, 389 F.3d

at 384 ("plaintiff has sufficiently alleged . . . participation in protected activity" the use of

the prison grievance system"); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)

(holding that prison officials are prohibited from retaliating against prisoners who

exercise a right to petition for redress of grievances).  The retaliation claims will proceed

against defendants Heidi and Martin.

Plaintiff's allegations against Dr. Berkawitz regarding his alleged denial of

Plaintiff's request for a sneaker pass and attempts to prescribe a diabetic shoe for

Plaintiff's injured foot do not state a claim for retaliation.  Plaintiff simply assumes that

defendant Berkawitz denied his request for a sneaker pass because he had filed grievances against medical staff.  Plaintiff has not plausibly alleged a causal connection between defendant Berkawitz's acts and his protected speech.  *See Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (claim that correctional officer filed a false misbehavior report solely because Plaintiff had filed a grievance against another officer, without more, was insufficient to show retaliatory intent).

Plaintiff also alleges that defendant Nurse Jane Doe #1 refused to treat him after he ingested medication that had been prescribed to another inmate in retaliation for complaints made against medical staff.  The general allegation that the conduct of Jane Doe #1 must have been retaliatory is not supported by any facts.  *See Flaherty*, 713 F.2d at 13 (retaliation claims may not be "in wholly conclusory terms").  Thus, any retaliation claims against defendants Nurse Jane Doe #1 and Dr. Berkawitz are dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

### 5.    Medical Claims

Plaintiff alleges that defendants Heidi, Tawana, Berkawitz and Jane Doe #1 denied him medical treatment for his severely injured left foot and toe and defendants John Doe #1 and John Doe #2 were deliberately indifferent to his serious injury to his foot when the operated on his foot.  They failed to surgically repair the injuries and in fact caused further injuries to his foot.

Deliberate indifference by prison officials to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).  There are both subjective and objective components to the deliberate

indifference standard.  Objectively, the alleged deprivation must be "sufficiently serious."
*Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The condition must produce death,
degeneration or extreme pain.  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.
1996).   Plaintiff must also allege that, subjectively, the defendant prison official "act[ed]
with a sufficiently culpable state of mind."  *Hathaway*, 99 F.3d at 553 (citations omitted).
Thus, the defendant must have been actually aware of a substantial risk that the inmate
would suffer serious harm as a result of his actions or inactions.  *See Salahuddin*, 467
F.3d at 279-80.  Because mere negligence will not support a section 1983 claim, not all
lapses in prison medical care constitute a constitutional violation.  *See Smith v.
Carpenter*, *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir.2003).  The conduct
complained of must "shock the conscience" or constitute a "barbarous act."  *U.S. ex rel.
Hyde v. McGinnis*, 429 F.2d 864, 866 (2d Cir. 1970).

Plaintiff claims that when Nurse Jane Doe #2 came to his cell and he informed
her that he had ingested medication that had been prescribed by to another inmate, she
did not take him seriously.  Plaintiff concedes that a correctional officer then arranged to
have him escorted to the medical unit.  Plaintiff claims that nurses in the medical unit
took his vital signs, but provided no other medical treatment for him.  He does not
indicate, other than experiencing "a weird feeling" after taking the medication that had
been prescribed to another inmate, that he suffered any other symptoms or ill effects
from the medication.  Thus, Plaintiff has not alleged facts to plausibly meet the objective
prong of the Eighth Amendment standard.  *See Hathaway v. Coughlin*, 99 F.3d at 553
(sufficiently serious medical need requires "a condition of urgency, one that may

produce death, degeneration, or extreme pain").  The claims of denial of medical treatment against Nurse Jane Doe #1 are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

The Court concludes that Plaintiff has stated plausible Eighth Amendment claims of deliberate indifference to serious medical needs against defendants Heidi, Tawana, and Berkawitz and John Doe #1 and John Doe #2.  The case will proceed as to these claims as well as the state law claims of negligence and medical malpractice against defendants Heidi, Tawana, and Berkawitz and John Doe #1 and John Doe #2 in their individual and official capacities.

### B.    Section 1985 and 1986 Claims

Plaintiff claims that the defendants conspired to deny him medical treatment and to retaliate against him in violation of 42 U.S.C. §§ 1985 and 1986.  The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings.  Plaintiff is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.

In order to state a claim under section 1985(3), plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  Importantly, Plaintiff must show that the conspiracy was motivated by a "racial, or perhaps otherwise class-based

invidiously discriminatory animus." *Id.* at 102.  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights.  *See id.* at 101-02.

Plaintiff asserts no facts to support a claim of conspiracy on the part of the defendants.  Nor does Plaintiff allege that the actions of any defendant were taken because of his race or other class-based discriminatory animus.  Thus, Plaintiff fails to state a claim cognizable under section 1985(3).  The Section 1985 claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part).  Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985.  Because Plaintiff has not stated a section 1985 claim, his section 1986 is not actionable and is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

**II.      Motion for Appointment of Counsel [Doc. No. 9]**

Plaintiff is seeking an appointment of pro bono counsel in this action.  As a preliminary matter, civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  *See, e.g., Hendricks v. Coughlin*, 114 F.3d

390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge*, 802 F.2d at 61.

In 2012, Plaintiff made two attempts to find an attorney to represent him in this action. In 2013, Plaintiff made a third attempt to find counsel. None of the attempts were successful. Plaintiff has made no recent attempts to find counsel. Furthermore, there is no indication that Plaintiff has made any attempts to contact the Inmate Legal Aid Program ("ILAP") with regard to any questions he might have about litigating this case. As of July 1, 2015, the Inmates' Legal Aid Program operated by Bansley Anthony, LLC replaced the former ILAP operated by Sydney T. Schulmann Associates. Attorneys at the new program may be contacted at the following address and telephone number: Inmate Legal Aid Program, Bansley Anthony, LLC, 265 Orange Street, New Haven, CT 06510; Telephone 1-866-311-4527.

Accordingly, the Court concludes that Plaintiff has not shown that he is unable to secure legal representation or assistance without the court's intervention. The motion is denied without prejudice. Plaintiff may renew this motion at a later stage of the litigation after he has made efforts to find counsel to represent him in this case.

## ORDERS

The Court enters the following orders:

(1) The Motion for Appointment of Counsel [**Doc. No. 9**] is **DENIED** without prejudice. The section 1985 and 1986 claims are **DISMISSED** as to all defendants pursuant to 28 U.S.C. § 1915A(b)(1). The section 1983 claims against all defendants in

their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C.

§ 1915A(b)(2) and all section 1983 claims against Wardens Semple, Erfe and

Chapdelaine, Health Administrators Maurto or Lightner, and Drs. Fedus and Salhe are

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The section 1983 claims of

retaliation against defendants Jane Doe #1, Martin and Berkawitz and the section 1983

claims of deliberate indifference to medical needs against as to Jane Doe #1 are

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)**.  Thus, all claims against**

**defendants Semple, Erfe, Chapdelaine, Maurto, Lightner, Fedus, Salhe, and Jane**

**Doe #1 have been DISMISSED.**

The section 1983 claims of retaliation will proceed against defendants Nurse Kim

Martin and Nurse Heidi and the section 1983 claims of deliberate indifference to medical

needs as well as the state law claims of negligence and medical malpractice will

proceed against defendants Heidi, Tawana, and Berkawitz and John Doe #1 and John

Doe #2 in their individual and official capacities.

2)      **Because Plaintiff paid the filing fee to commence this action, he**

**is not entitled to have service effected by the court.**  Plaintiff shall effect service of

the complaint on each of the following defendants in his or her individual capacity:

Nurse Heidi, Nurse Tawana, Nurse Kim Martin, Dr. Berkawitz, Dr. John Doe #1 and Dr.

John Doe #2 in accordance with the requirements of Rule 4, Fed. R. Civ. P., within 60

days of the date of this order and file returns of service within 70 days of the date of this

order.  Failure to comply with this order will result in the dismissal of all claims against

defendant Buchanan.

14

(3)    **The Clerk shall** send plaintiff instructions for service of the complaint, together with six blank Notice of Lawsuit forms and six blank Waiver of Service of Summons forms to enable Plaintiff to serve a copy of the complaint on each defendant in his or her individual capacity and six blank summons forms for plaintiff to complete and return to the Clerk for issuance to enable plaintiff to serve a copy of the summons and complaint on each defendant in his or her official capacity using the address of the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut 06141.

(4)    Defendants shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(6)    All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

**SO ORDERED** at Bridgeport, Connecticut this 9th day of November, 2015.


  /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE